## CIRCUIT COURT OF FAIRFAX COUNTY

Harold Miller

v.

Gary Payne

April 25, 1990

Case No. (Chancery) 115186

By JUDGE ROSEMARIE ANNUNZIATA

This matter is before the court on defendant Gary Payne's Bill of Complaint for Injunctive Relief, the purpose of which is to enjoin and suspend the sheriff's sale of certain property. The property in question is set forth in an affidavit, signed by Diane Payne and John Payne, and filed with the pleadings. The judgment upon which the sale is premised was obtained against the defendant solely. Defendant alleges the property subject to sale is the property of his wife and mother and not his sole property.

While the matter was under advisement, on March 9, 1990, counsel for plaintiff raised an issue pursuant to Virginia Code § 8.01-365, contending that defendant's suit must be dismissed for failure to post a suspending bond. Defendant, to date, has not filed the required bond. However, it must be noted that the sale in question has been suspended by preliminary injunction granted by the Honorable Quinlan Hancock of this court on February 23, 1990, in the absence of such bond being posted, the matter apparently having not been raised. Furthermore, the bond requirement issue was not raised in the hearing before me on March 6, 1990, the date the preliminary injunction

dissolved by operation of the earlier decree. Under these circumstances, I find the requirement of bond has been waived.

In addressing the merits of the Bill of Complaint, and in consideration of the evidence presented and argument by counsel, I make the following findings.

Virginia Code § 55-35, the Married Woman's Act, expressly exempts a wife's property from being used to satisfy the debts or liabilities of her husband. Notwithstanding the code provision, the presumption still exists in Virginia that:

> the husband is the owner of all property, real
> and personal, of which the wife may be in posses-
> sion during coverture, especially if they are
> living together as husband and wife . . . .

*First Nat. Bank v. House*, 145 Va. 149, 160, 133 S.E. 664, 667 (1926), citing *Yates v. Law*, 86 Va. 117, 9 S.E. 508 (1889).

The burden is on the wife to show affirmatively that the property is hers and was derived from a source other than her husband. *First Nat. Bank*, 145 Va. at 160, 133 S.E. at 667; *Childress v. Fidelity, etc., Co.*, 194 Va. 191, 72 S.E.2d 349 (1952). The presumption is one of fact, now law. It is a prima facie presumption which may be overcome by testimony. *First Nat. Bank*, 145 Va. at 162, 133 S.E. at 668.

Where the evidence establishes that the debtor's interest in personalty is one of co-tenancy, that personalty is available to creditors to satisfy money judgments and is subject to levy. *See*, D. Rendleman, *Enforcement of Judgments and Liens in Virginia* at 87 (1982); "Co-tenancies: A Critique for Creditors," 48 Va. L. Rev. 405, 408 (1962).

I find Diane Payne, defendant's wife, has met her burden of proving the following property is her sole property and thus exempted from levy in this case: the LX 1 Portable TV, J. C. Penny V.H.S., and the Horugal black piano. It is my opinion that the teak tape deck and the Realistic turntable were gifts to her and defendant jointly and subject to levy.

With respect to defendant's mother's claims that the living room couch and two living room chairs are her

property and also exempt from levy, I find the evidence in the case supports the conclusion that these items were gifts to Diane Payne and defendant, jointly. They are, thus, properly subject to levy and sale.

With respect to the property held jointly as referenced hereinabove, I find defendant owns a one-half interest in the property. Thus, half the proceeds of sale may be applied to satisfy the plaintiff's judgment, the remainder to be returned to Diane Payne.